BMCA LAW GROUP, a P.C.
BRUCE M. COHEN (CA Bar No. 084318)
*bcohen@bmcalaw.com*
JULIA MACHAI COHEN (CA Bar No. 252417)
*jvmcohen@bmcalaw.com*
11693 San Vicente Blvd., #804
Los Angeles, CA  90049
Telephone:   (424) 287-5400
Facsimile:   (424) 287-5401

Attorneys for Plaintiff
THE OUTDOOR RECREATION GROUP

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE OUTDOOR RECREATION GROUP, a California corporation <br><br> Plaintiff, <br><br> v. <br><br> NICOLE SCHUDE, an individual; SCHUDE TRADE LAW, LLC, an Illinois limited liability company; SORINI, SAMET & ASSOCIATES, LLC, an Illinois limited liability company; and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO. 2:21–cv–04828–MWF (PLAx) <br><br> **JOINT RULE 26(f) REPORT** <br><br> Scheduling Conference per FRCP 16(b) <br> Date: October 4, 2021 <br> Time: 11 a.m. <br> Department: 5A <br> The Honorable Judge Michael W. Fitzgerald <br><br> Magistrate Judge Paul L. Abrams |

To the Honorable Court, all parties and their attorneys:

Counsel for Plaintiff The Outdoor Recreation Group ("TORG" or "Plaintiff"), Defendants Nicole Schude, Esq. and Schude Trade Law, LLC ("Schude Defendants") and Defendant Sorini, Samet & Associates, LLC ("SSA") (Schude Defendants and SSA, collectively, the "Defendants," and, together with Plaintiff, the "Parties") have met and conferred as required by Federal Rule of Civil Procedure Rule 26(f) and this Court's Order Setting Scheduling Conference, dated August 24, 2021. Pursuant to Rule 26(f) and this Court's Order, the Parties hereby submit the

following Joint Rule 26(f) Report.

    a.  <u>Statement of the Case</u>.

All of the named parties have been served with this action and there are no disputed issues regarding service of process.

TORG filed a complaint against the Schude Defendants and SSA in the Los Angeles Superior Court. Schude Defendants removed the action to this Court, and Defendant SSA joined in the removal. Schude Defendants filed a motion to transfer venue to the Northern District of Illinois, which was denied. Schude Defendants also filed a Motion to Dismiss with regard to fraud/misrepresentation causes of action in the Complaint, which was also denied.

All Defendants filed Answers to TORG's Complaint. Defendant SSA filed its Answer to the Complaint on August 16, 2021. The Schude Defendants' Amended Answer (Dkt. 28) contains an Amended Counterclaim against TORG. Plaintiff contends that this is Schude Defendants' second amended pleading, as explained below.

The pleadings are at issue with regard to the Complaint. The pleadings are not yet at issue with regard to Schude Defendants' Counterclaim, to which TORG's responsive pleading is not yet due as of the time of this report.

<u>Plaintiff's Summary Of Its Complaint</u>:

TORG is a manufacturer, importer and distributor of outdoor gear, including backpacks and fishing tackle bags. SSA is in the business of trade lobbying, and Schude Defendants practice trade law. This action arises out of Defendants' representation of TORG before the U.S. Trade Representative (USTR) and the U.S. Customs and Border Protection (CBP) in seeking refunds of several million dollars in excess import duties on certain entries of goods from China.

In 2018, the Trump Administration imposed four rounds of increased tariffs on approximately two-thirds of U.S. imports from China (referred to as "Section 301 tariffs"). However, to avoid harm to U.S. interests, the USTR instituted "tariff

exclusions" for certain U.S. imports that would otherwise be subject to Section 301 tariffs and established a process for seeking such tariff exclusions. SSA represented TORG in several tariff exclusion matters. One of them related to TORG's fishing tackle bag products. In submitting the exclusion paperwork to the USTR, SSA misstated product dimensions so that, although the exclusion was granted by the USTR, TORG could not benefit from it and had no other recourse.

Plaintiff alleges that as a result of the error in the exclusion paperwork, TORG lost not less than approximately $638,640 (principal) in unrealized tariff refunds for the period of October 2018 to December 2020 relating to its fishing tackle bags, plus interest (when CBP refunds overpayments to an importer, it pays principal and interest).

Plaintiff also alleges that separately from the error in the fishing tackle bag exclusion, TORG was eligible to seek substantial duty refunds from CBP on its other imports, including certain backpack products. Plaintiff alleges that SSA and Schude Defendants undertook to handle the preparation and filing of "Protest" filings with the CBP relating to a series of entries of these goods, primarily at the Port of Long Beach, California.

Plaintiff alleges that six of those CBP Protests are currently in jeopardy, as follows:

At least five Protests were not filed on time and in accordance with CBP requirements, as follows:

| Due Date: | Protest No.: | Principal Amount: |
|---|---|---|
| 9/2/2020 | 2704-20-146765 | $45,467.27 |
| | (2704-20-146382) | |
| 9/9/2020 | 2704-20-146776 | $58,308.32 |
| 9/16/2020 | 2704-20-146784 | $103,030.76 |

| | | |
|---|---|---|
| 10/7/2020 | 2704-20-145534 | $123,268.56[1] |
| 10/7/2020 | 2704-20-146540 | $651,803.46 |
| | | ------------------- |
| | | $981,878.57 |

Plaintiff alleges that unbeknownst to TORG at the time, in or about early November 2020, CBP advised Defendants that CBP did not consider the foregoing Protests to have been timely or correctly filed, which Plaintiff further alleges prompted a flurry of activities by Defendants in an effort to undo the effects of their purported errors. Plaintiff alleges that Defendants concealed this development from TORG and falsely advised TORG that additional work was required in support of TORG's Protests and requested that TORG pay for that purported extra work.

Plaintiff advises the parties that to date, CBP has not changed its position with regard to the foregoing five Protests in the principal amount of $981,878.57, and they remain "in jeopardy." Plaintiff advises that in addition to the foregoing five Protests, TORG is still awaiting CBP action on the sixth Protest (No. 2704-20-113379), allegedly filed by Defendants in February 2020 on 2/19/2020 and seeking refund of principal amount of $825,633.56, plus interest. TORG has now replaced Defendants with its current trade counsel, who is currently in the process of pursuing each of the pending six Protests to resolution with CBP.

Plaintiff alleges that in addition, Defendants missed the filing deadline and failed to file appropriate Protests with regard to approximately $71,582.43 in further tariff refunds, plus interest.

TORG further asserts that Defendants engaged in improper and fraudulent billing practices, including overbilling and that they had misled TORG with regard to their qualifications and abilities, among other things.

---

[1] Defendants actually filed only a placeholder for Protest No. 2704-20-145534 without the requisite supporting documentation. Defendants refused to complete the work on this Protest, demanding more money from TORG.

As against SSA, TORG asserts claims for breach of contract, professional negligence (SSA's own and vicarious liability for Schude Defendants), "ordinary" negligence (SSA's own and vicarious liability for Schude Defendants), breach of fiduciary duty and negligent misrepresentation.

As against Schude Defendants, TORG asserts claims for breach of contract, professional negligence, "ordinary" negligence, breach of fiduciary duty, intentional misrepresentation and negligent misrepresentation.

Schude Defendants' Response:

The Schude Defendants deny TORG's charging allegations in all respects. They contend they timely submitted the Protests at issue in accordance with the express instructions of CBP officials, and contend their representation of TORG met the standard of care in all respects and was consistent with all applicable duties. The Schude Defendants have asserted affirmative defenses based on estoppel; waiver; comparative fault; contribution; fault of others; a failure to mitigate damages; consent; and others, as set forth in their Amended Answer and Counterclaim. They have also asserted a claim for $143,871.00 in unpaid attorney's fees which are due and owing.

Defendant SSA denies the allegations set forth in Plaintiff's Complaint.

Status of Plaintiff's Response to the Counterclaim of Schude Defendants:

Plaintiff asserts that the Answer and Counterclaim filed by the Schude Defendants on September 9, 2021 (Dkt.28), is their *second* amended pleading, for which they had not obtained leave of Court. Specifically, Plaintiff contends that the Schude Defendants' original Answer (Dkt. 25) was filed on August 23, 2021, the deadline set by the Court. Plaintiff contends it was then amended and superseded by their filing of the document in Dkt. 27 on August 24, 2021. Plaintiff contends that although the Schude Defendants had thus amended their pleading once as a matter of course, they purported to file their *second amended* responsive pleading (Dkt. 28) on September 9, 2021, without leave of Court. TORG will respond to it on the due

1  date, prior to the Scheduling Conference. Plaintiff objects to Schude Defendants'
2  failure to follow the appropriate procedure for amendments.

3       The Schude Defendants contend that they timely filed their Answer on August
4  23, 2021.  (Dkt. 25.)  The contend that they concurrently filed a Counterclaim the
5  next day, August 24, 2021, represented by different counsel.  (Dkt. 27.)  TORG then
6  asserted that the Schude Defendants' Counterclaim had somehow superseded their
7  Answer.  The Schude Defendants thus filed an Amended Answer and Counterclaim
8  in one document on September 9, 2021 (Dkt. 28).  The Schude Defendants contend
9  this amended pleading was timely and appropriately filed within 21 days of their
10 original Answer and original Counterclaim, as permitted by Fed.R.Civ.P. 15(a)(1).

11      Plaintiff has not yet filed its response to what it contends is Schude
12 Defendants' second amended Answer and Counterclaim (Dkt. 28, filed on
13 9/9/2021), but it anticipates including denials regarding any liability to Schude
14 Defendants on their billings, disputing factual contentions that do not comport with
15 TORG's knowledge of the facts, and asserting the appropriate Affirmative Defenses,
16 including but not limited to, Offset, Unclean Hands, Failure of Performance,
17 Material Breach and others.

18      <u>SSA's Statement:</u>

19      Defendant SSA timely filed their Answer to Plaintiff's Complaint on August
20 16, 2021(Dkt. 22). SSA denies liability on all causes of action pled against them in
21 TORG's Complaint. Defendant SSA asserts twenty-five Affirmative Defenses in
22 their Answer including but not limited to, Offset, Doctrines of Unclean Hands,
23 Estoppel and Laches, Failure to Mitigate, Failure to State Facts Sufficient to
24 Constitute a Cause of Action Upon Which Relief can be Granted,  Statute of
25 Limitations, Waiver, and Unjust Enrichment, all based on SSA's denial of liability
26 relating to Exclusions and CBP Protests. SSA contends that they filed the Exclusion
27 Requests and Protests for the fishing tackle bags at issue based on the dimensions
28 provided from TORG directly. SSA and TORG had worked together for many years

1   prior to this lawsuit. TORG failed to provide accurate measurements as to the
2   dimensions of the fishing tackle bags, thereby resulting in any such denial of the
3   Exclusion Requests and/or Protests. SSA worked diligently to correct the
4   dimensions on the already submitted applications to USTR and/or the CBP once
5   TORG notified SSA of the errors, and continued to do so, until TORG threated
6   litigation and terminated SSA's services, and further refused to pay outstanding
7   invoices in the amount of nearly $19,000.00.

8   Defendant SSA intends to file a counterclaim to recover its unpaid fees from
9   TORG.

10   b.  Subject Matter Jurisdiction

11   Defendants contend that they removed this action from the Los Angeles
12   Superior Court, asserting that this Court has jurisdiction of this diversity case
13   pursuant to 28 U.S.C. §§1441 and 1332.

14   Plaintiff does not waive any objection.

15   c.  Legal Issues.

16   Plaintiff's Statement --Pendency Of The Underlying Matter With CBP.

17   As sometimes happens in malpractice matters, a substantial portion of this
18   case depends on the resolution of the underlying matter in which the malpractice
19   occurred (a "case within a case"). Specifically, several of the CBP Protests handled
20   by Defendants are still pending. CBP has already advised its position that at least
21   some of them were not timely filed (by Defendants), but initial-level decision has
22   not yet been reached and appeal may also be available if the Protests are denied at
23   the agency level. TORG has replaced Defendants with new customs counsel who is
24   pursuing these matters. It may be well over one year from now before TORG
25   receives final decisions on the six pending CBP Protests. If some or all of them go
26   up on appeal, then this process may take two years or even more.

27   The outcome of the pending CBP Protests is important for several reasons.

28   First, the agency's determination (including on appeal) whether the filings

1  were timely and otherwise appropriately submitted will go a long way to establish
2  key issues in this litigation, such as aspects of Defendants' liability (*e.g.*, if the
3  agency rules that a filing was late) and with regard to the amount of damages (each
4  Protest carries a specific amount). Agency rulings may be dispositive or even res
5  judicata on specific issues in this case.

6       Second, finality of the pending CBP Protests is necessary to properly define
7  the scope and the proportionality of discovery. For instance, if the agency ruling
8  (including on any appeal) indicates that the filing deadlines were missed (by
9  Defendants), then it would serve little purpose for the Parties to heavily pursue
10 discovery on the issues of Defendants' duty of care with regard to the filing
11 deadlines. Conversely, if TORG's replacement counsel obtains a favorable ruling
12 with regard to a particular Protest, then the Parties' discovery efforts might focus on
13 such issues as the costs of mitigation and the reasonable value of Defendants'
14 services in light of the outcome.

15      Third, the finality of CBP rulings will permit the Parties to engage in
16 meaningful ADR because it would substantially fix the major items of damages and
17 substantially define the major items of liability.

18      Accordingly, Plaintiff respectfully requests that specific discovery and pretrial
19 dates not be set at this time but that Plaintiff be permitted sufficient time to complete
20 its mitigation efforts and to reach finality of agency decisions on all of the CBP
21 Protests at issue in this matter.

22      It would be appropriate to continue this Scheduling Conference by
23 approximately one year, to approximately October 2021, and to have Plaintiff report
24 to the Court on the status of the pending CBP matters prior to the continued
25 Scheduling Conference.

26                          Schude Defendants' Statement
27      The Schude Defendants do not agree that agency rulings may have res judicata
28 or collateral estoppel effect, and dispute other portions of Plaintiff's statement.

However, they agree that it will be important to know the CBP's final position, following any administrative process and appeals, before the merits of this legal malpractice action can be effectively litigated. They would suggest a further scheduling conference in approximately six (6) months as their understanding is that at least some of the Protests at issue should be approaching resolution at that point.

Defendant SSA's Statement

Defendant SSA agrees with the Schude Defendants' suggestion of scheduling a further scheduling conferences in approximately six (6) months to allow for CBP's final position on the Protests.

d. Parties, Evidence, etc.

Plaintiff's Statement:

Plaintiff The Outdoor Recreation Group (TORG) is a California corporation. It does not have a corporate parent. It is not owned by and does not have ownership of, publicly traded companies. It is the manager of The Outdoor Recreation Group, LLC, a California limited liability company. Plaintiff has filed a Certification of Interested Parties on June 24, 2021 (Dkt. 12) pursuant to Local Rule 7.1-1.

Based on information available to date (at the nascent stage of disclosure and discovery in this matter) and without limiting the scope of disclosure and discovery in this matter, at the present, Plaintiff anticipates that key documents in this matter may include the following categories: communications between TORG and Defendants relating to the tariff issues; TORG's communications with USTR and CBP relating to the subject products; defendants' communications with USTR and CBP relating to TORG matters; communications among Defendants regarding their handling of TORG's projects; Defendants' documentation of the "of counsel" relationship between Schude Defendants and SSA, TORG's communications with its customs broker regarding subject products/subject entries of goods; client files turned over to TORG by Defendants; communications between CBP and TORG's replacement counsel (without waiver of attorney-client privilege, work product

protections, or any other applicable privilege); TORG's financial records tracking payments, refunds, invoices. The foregoing preliminary listing is without prejudice to any party's discovery rights in this matter.

Further based on information available to date and without any waiver or limitation on any party's discovery rights, Plaintiff anticipates that percipient witnesses and their key subjects may include the following:

1. Mr. George Aba, TORG Chief Financial Officer: relationship with Defendants; Defendants' handling of the "tariff exclusion" and CBP Protest matters; Defendants' billings; TORG's payments to Defendants; TORG's payments of import duties to CBP and other aspects of TORG's business; TORG's damages; TORG's defenses to Defendants' claims for payment.

2. Ms. Carrie Diaz, TORG VP Finance/Controller: specific aspects of TORG's communications with Defendants, financial transactions with Defendants and CBP; TORG's damages; other aspects of TORG's business; TORG''s defenses to Defendants' claims for payment.

3. Mr. Oscar Holguin, TORG VP of Technical Services: specific aspects of TORG's communications with Defendants; technical aspects of TORG's products.

4. Mr. Zari Adourian, TORG Chief Operating Officer: relationship with Defendants; Defendants' handling of the "tariff exclusion" and CBP Protest matters.

5. Mr. Charles Parisi, Customs Broker (third party): CBP duties, CBP processes; TORG's dealings with CBP: Mr. Parisi's and TORG's dealins with Defendants.

6. Richard Wortman, Esq., TORG's replacement trade counsel (only as to non-privileged matters and without waiving the attorney-client privilege, work product protection, or any other applicable privilege or protection):

CBP Protest process, status of Defendants' work at transition to replacement counsel; CBP's action regarding TORG's pending CBP Protests; mitigation efforts; mitigation costs; TORG's defenses to Defendants' claims for payment.

7. Mr. Ronald Sorini, SSA Principal: SSA-TORG relationship, SSA-Schude Defendants relationship; Defendants' handling of the "tariff exclusion" and CBP Protest matters; specific aspects of Defendants' work on the "tariff exclusion" and CBP Protest matters; Defendants' billings; TORG's payments to Defendants; other aspects of SSA business; TORG's defenses.

8. Ms. Megan Costello, SSA Vice President: SSA-TORG relationship, SSA-Schude Defendants relationship; Defendants' handling of the "tariff exclusion" and CBP Protest matters; specific aspects of Defendants' work on the "tariff exclusion" and CBP Protest matters; Defendants' billings; TORG's payments to Defendants; other aspects of SSA business.

9. Mr. Andrew Samet, Esq., SSA Principal: SSA-TORG relationship, SSA-Schude Defendants relationship; Defendants' handling of the "tariff exclusion" and CBP Protest matters; specific aspects of Defendants' work on the "tariff exclusion" and CBP Protest matters; Defendants' billings; TORG's payments to Defendants; other aspects of SSA business.

10. Ms. Nicole Schude, Esq., Schude Trade Law, LLC Principal – relationship between Schude Defendants and TORG; relationship between Schude Defendants and SSA; Defendants' handling of the "tariff exclusion" and CBP Protest matters; specific aspects of Defendants' work on the "tariff exclusion" and CBP Protest matters; Defendants' billings; TORG's payments to Defendants; Schude Defendants' claims for payment as asserted in their Counterclaim and TORG's defenses thereto.

Schude Defendants' Statements:

Schude Trade Law LLC is a limited liability company whose only member

1   is Nicole Schude.

2   <u>The Schude Defendants' list of percipient witnesses is:</u>

3   Nicole Schude

4   Ron Sorini, Andrew Samet, Megan Costello (of defendant SSA)

5   George Aba (of TORG)

6   Charles Parisi (of Parisi Services, TORG's customs broker)

7   Willie Keyes, Maria Rodriguez, Patricia Diffley, Amy A. Arnold, Linda

8   Golf and Gulten Bergal (of CBP).

9   <u>The Schude Defendants' key documents include</u> (a) communications

10   between TORG's representatives and Schude, SSA, and/or CBP; (b)

11   Schude's communications with CBP; (c) the CBP Protests at issue in this

12   Lawsuit; and (d) invoices reflecting Schude's work for TORG and unpaid

13   fees.

14   <u>SSA's list of percipient witnesses include:</u>

15   Ron Sorini

16   Andrew Samet, Esq.

17   Megan Costello-VP Trade and Customs Policy (SSA)

18   Andrea Curtis (SSA)

19   Nicole Schude, Esq.

20   George Aba-CFO (TORG)

21   Oscar Holguin-Director of Technical Services (TORG)

22   Zari Adourian-COO-(TORG)

23   Carrie Diaz-VP Finance and Controller (TORG)

24   Manuel Zuniga-VP of Procurement (TORG)

25   Charles Pansi- Custom's Broker

26   Alex Datskovskiy (TORG)

27   Andrew Altshule (TORG)

28   <u>The Schude Defendants' key documents include</u> (a) communications

between TORG's representatives and Schude, USTR and/or CBP; (b) SSA's communications with Schude; (c) the CBP Protests and Exclusion Request at issue in this Lawsuit; and (d) invoices reflecting SSA's work for TORG and unpaid fees.

e. <u>Damages</u>

<u>Plaintiff's Damages Claims are:</u>

1. <u>Damages due to the error in the fishing tackle bag USTR exclusion</u>-- not less than approximately $638,640 principal, plus interest, in unrealized tariff refunds for the period of October 2018 to December 2020.

   This loss includes but is not limited to the approximately $146,040 principal, plus interest, that had to be eliminated from Protest No. 2704-20-113379 (2/19/2020), as well as not less than approximately $492,600 principal, plus interest, in further unrealized tariff refunds that TORG was unable to claim.

2. <u>Damages relating to CBP Protests</u>—current exposure of not less than approximately $2,000,000-$2,500,000, *depending on the outcome of the pending CBP Protests*. This amount includes the following items:

   - approximately $71,582.43 principal, plus interest, in tariff refunds which Defendants did not include in any Protest and missed the deadline to seek;

   - not less than approximately $1,807,512.13 principal, plus interest, which is the combined amount of the six pending CBP Protests that are currently in jeopardy. As discussed in section (c) Legal Issues, above, this amount may decrease if the CBP (including on appeal) ultimately rules in favor of TORG on particular Protest(s); and

   - costs of mitigation with the assistance of replacement counsel,

which is currently an ongoing expenditure.

3.  <u>Plaintiff further seeks</u>

- disgorgement of any unearned fees, including without limitation, the prepayment of flat fees of $15,000 to Defendants;

- damages due to delay in receipt of funds and/or loss of use of funds for any refunds that would have been processed and obtained sooner, but for Defendants' delays in filing or completing the CBP Protest paperwork, subject to proof;

- any uncompensated out-of-pocket expenditures in the amount not yet determined, subject to proof; and

- such other and further relief as the Court deems proper.

<u>Schude Defendants' Response:</u>

The Schude Defendants deny that TORG has been damaged in the manner alleged, or at all.  The Schude Defendants seek $143,871.00 as damages against TORG for unpaid attorney's fees.

<u>SSA's Response:</u>

Defendant denies that TORG has been damaged in any manner as alleged, or at all. SSA intends to file a Counterclaim for unpaid fees owed by TORG in the amount of $18,919.73.

f.  <u>Insurance.</u>

<u>Plaintiff has no applicable insurance.</u>

Schude Trade Law is a Named Insured in a Lawyers Professional Liability Policy issued by Arch Insurance Company with policy limits of $1,000,000 per claim and $2,000,000 in the aggregate, reduced by claim expenses.  The Schude Defendants understand there is a reservation of rights.

Sorini, Samet & Associates is the Named Insured to an insurance policy issued by RSUI Insurance Company. (SSA will provide limits and

reservation information by way of supplement.)

g.  <u>Motions.</u>

<u>Plaintiff's Statement:</u>

Plaintiff does not currently intend to amend its Complaint or add parties but reserve the right to do so.

Defense motion for venue transfer has been previously considered and denied.

<u>Schude Defendants' Statement:</u>

The Schude Defendants will evaluate the merits of a possible motion for summary judgment or partial summary judgment after the CBP administrative process is completed.

<u>SSA's Statement:</u>

Defendant SSA anticipates filing a Motion For Counterclaim, or in the alternative, a Counterclaim against TORG for unpaid invoices for services rendered by SSA in the amount of $18, 919.73  Additionally, Defendant SSA will evaluate the merits of a possible Motion for Summary Judgment, or Partial Summary Judgment.

h.  <u>Manual for Complex Litigation.</u>

Plaintiff is not aware of any reason to treat this litigation as complex. The Schude Defendants do not believe this litigation should be treated as complex.

i.  <u>Status of Discovery</u>

The Parties held a Rule 26(a) conference on September 13, 2021. (The conference did not include SSA.[2]) No limitations on Rule 26(a) disclosures have been proposed. At the Schude Defendants' suggestion, the Parties agreed to set the

---

[2] Counsel for SSA was unable to attend the conference due to being out of the office on sick leave of absence, but has since communicated with counsel, and agrees to the timelines set forth herein.

Initial Rule 26(a) disclosures, including the exchange of documents subject to that disclosure, 2 weeks after the October 4, 2021 Scheduling Conference with the Court—on or before October 18, 2021.

Plaintiff proposes that the disclosures and documents be exchanged electronically, as electronic copies, with the right to inspect the hard copy originals on reasonable notice.

Plaintiff anticipates that some of its disclosures and document production may include sensitive financial, cost, and other information. Plaintiff proposes that the Parties enter into a stipulated protective order dealing with issues of confidentiality, to be submitted for the Court's approval.

j. <u>Discovery Plan</u>.

As further addressed at the Rule 26(a) conference, the Parties are to exchange the Initial Rule 26(a) disclosures and documents on or before October 18, 2021.

Plaintiff proposes that the Parties are to serve initial written discovery requests—interrogatories, requests for admissions, requests for documents—and to respond to the same within 4 months of the October 4, 2021 Scheduling Conference—on or before February 4, 2022, pursuant to the Federal Rules of Civil Procedure.

Schude Defendants' proposal: Schude Defendants propose that the Parties conduct initial written discovery before the CBP administrative process is completed. The Parties may serve initial written discovery requests—interrogatories, requests for admissions, requests for documents pursuant to the Federal Rules of Civil Procedure.

The Parties agreed that depositions should not begin until CBP has issued rulings on each of the outstanding Protests in jeopardy and that ruling has become final (see discussion at Legal Issues, above). The Parties are uncertain as to the length of time this process will require, but it is more likely than not to take more than 1 year. Plaintiff shall give notice of the finality of the agency rulings on the

1   pending CBP Protests (including any appeals) within 30 days of receipt of the final

2   ruling, triggering commencement of depositions.

3       The Parties identified six to eight percipient witnesses to be deposed, with the

4   understanding that other depositions of the witnesses identified above may be

5   necessary. Plaintiff proposes to take these depositions in person. Plaintiff proposes

6   that all depositions of parties/party-affiliated witnesses occur in California. The

7   Schude Defendants propose to take depositions via Zoom, particularly those of the

8   witnesses that they contend are spread across the country, including in Illinois,

9   Washington, DC, Tennessee, and New Jersey.

10      Schude Defendants have additionally identified as potential percipient

11  witnesses several federal officials whom Schude Defendants believe can be

12  compelled to testify in this matter and appear for deposition. Whether these federal

13  officials are, in fact, subject to discovery, is a matter of dispute among the parties.

14      The Parties anticipate completing percipient depositions within 6 months of

15  the notice that CBP rulings have become final (the "trigger date"), including any

16  motions relating to percipient depositions.

17      Plaintiff anticipates six to nine experts. It is not practical to commence the

18  expert discovery phase until the completion of the percipient phase.

19      Plaintiff proposes the following timetable:

20      Initial expert disclosures: 30 days after the conclusion of the percipient

21  witness discovery (which means the date when all percipient discovery motions, if

22  any, have been heard and ruled upon and all depositions have been

23  concluded/documents have been produced in accordance with the Court's rulings).

24      Supplemental/rebuttal expert witness designations shall be due within 30 days

25  after the Initial expert disclosures.

26      Expert depositions to be completed within 3 months of the date for

27  supplemental designations, including any motions.

28          k.  <u>Discovery Cut-Off.</u>

1   18 weeks before the trial.

2      l.   <u>Expert Discovery.</u>

3      Cut off 14 weeks before the trial.

4      m. <u>Dispositive Motions</u>

5   Plaintiff asserts that the outcome of the pending CBP Protests, once finality is

6   reached in the agency process there, may be determinative on at least a portion of

7   the issues of liability and damages (*e.g.*, a scenario where CBP denies a particular

8   TORG's Protest because of Defendants' errors and omissions in its filing). If the

9   outcome is such as would support a dispositive motion (e.g., a motion for partial

10  summary judgment), Plaintiff would then diligently pursue such resolution. Plaintiff

11  does not anticipate filing any dispositive motion until it has achieved the finality

12  with the CBP (including the appeal process).

13  The Schude Defendants will also consider a possible motion for summary

14  judgment or partial summary judgment after the CBP process is completed and

15  whether Schude's alleged errors caused TORG any alleged damage is known.

16  Defendant SSA will evaluate the merits of a possible Motion for Summary

17  Judgment, or Partial Summary Judgment.

18     n.   <u>Settlement / ADR</u>

19  The Parties have discussed the potential ADR before the filing of the lawsuit

20  as well as at the inception of this lawsuit, but ultimately, ADR was not pursued.

21  Presently, it appears that from defense point of view, ADR would be premature until

22  CBP finality is achieved and that they would be in a better position to assess their

23  willingness to settle once the outcome of the six pending CBP Protests is fixed.

24  Plaintiff is willing to participate in ADR at any time. It is willing to go to mediation

25  either before the Court Mediation Panel or before a private mediator and to appear

26  for a settlement conference before the Magistrate Judge.

27     o.   <u>Trial Estimate.</u>

28  Plaintiff has timely requested a jury trial.

1   Plaintiff anticipates calling approximately eight to ten trial witnesses.

2   Plaintiff is not aware of any reason this trial should take more than four days.

3   The Schude Defendants have also timely requested a jury trial. They

4   anticipate calling approximately 11 witnesses, many of which overlap with

5   Plaintiff's witnesses. They anticipate that trial will take approximately 5-7 days.

6   SSA anticipates calling approximately 12 witnesses, most of which overlap

7   with Plaintiff's and the Schude Defendants witnesses. SSA anticipate that trial will

8   take approximately 5-7 days.

9   p. <u>Trial Counsel.</u>

10   Plaintiff's trial counsel: Bruce M. Cohen, Esq., Julia Machai Cohen, Esq.,

11   BMCA Law Group, a P.C., 11693 San Vicente Blvd., #804, Los Angeles, CA,

12   90049, 424-287-5400.

13   Schude Defendants' trial counsel: Barry Z. Brodsky and John T. Lupton

14   (counsel in their capacity as defendants); Timothy McGonigle (counsel in their

15   capacity as cross-complainants).

16   Defendant SSA's trial counsel: Clint Robison and Jenna L. Griffin, O'Hagan

17   Meyer.

18   q. <u>Independent Expert or Master.</u>

19   None anticipated.

20   r. <u>Timetable.</u>

21   Until the finality of the pending CBP Protest matters, we are unable to propose

22   any specific dates. Parties respectfully request that a further Scheduling Conference

23   be set on or after October 4, 2022, at which time Plaintiff shall report on the status

24   of the pending CBP Protest matters.

25   s. <u>Other Issues.</u>

26   None.

27   / / /

28   / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Dated: September 20, 2021        BMCA LAW GROUP, a P.C.


BY: _/s/ Bruce M. Cohen_____

          BRUCE M. COHEN
Attorneys for Plaintiff,
THE OUTDOOR RECREATION GROUP

# PROOF OF SERVICE

## STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES

I am employed in Los Angeles County. My business address is 11693 San Vicente Boulevard, #804, Los Angeles, CA 90049. I am over the age of 18 years and am not a party to this case. On September 20, 2021, I served the foregoing documents on the interested parties in this action entitled as follows: **JOINT RULE 26(f) REPORT**

 by placing true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

[ ] (**BY MAIL**) I personally placed such envelope with postage thereon prepaid in the United Stated mail at Los Angeles, California.

[X] (**BY THE COURT'S ECF SYSTEM**): I caused each such document to be transmitted electronically by posting such document electronically to the ECF website of the United States District Court for the Central District of California, on all ECF-registered parties in the action.

[X] (**FEDERAL**) I am a member of the bar of this court.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 20, 2021, at Los Angeles, California.


*/s/ Bruce M. Cohen*

------------------------

Bruce M. Cohen

OUTDRE10.001

1

### SERVICE LIST

2

3

*The Outdoor Recreation Group, A California Corporation v. Nicole Schude, et. al.*

4

*United States District Court Case No. 2:21−cv−04828−MWF (PLAx)*

5

*Via NEC/ECF:*

6

7

*Attorneys for Defendants*
**NICOLE SCHUDE, ESQ.**

8

**and SCHUDE TRADE LAW, LLC**
KAUFMAN DOLOWICH & VOLUCK LLP

9

Barry Z. Brodsky, Esq.

10

*bbrodsky@kdvlaw.com*
John T. Lupton, Esq.

11

*jlupton@kdvlaw.com*

12

13

*Attorneys for Defendants and Counterclaimants*
**NICOLE SCHUDE, ESQ.**

14

**and SCHUDE TRADE LAW, LLC**
TIMOTHY D. McGONIGLE PROF. CORP.

15

Timothy D. McGonigle, Esq.

16

*tim@mcgoniglelaw.net*

17

*Attorneys for Defendant*
**SORINI, SAMET & ASSOCIATES,**

18

**LLC**

19

O'HAGEN MEYER
Clint Robison, Esq.

20

Jenna L. Griffin, Esq.

21

21550 Oxnard Street, Suite 1050
Woodland Hills, CA 91367

22

*crobison@ohaganmeyer.com*

23

*jgriffin@ohaganmeyer.com*

24

25

26

27

28